MR. JUSTICE GULBRANDSON,
concurring and dissenting.
I concur with the affirmance of the District Court’s refusal to award prejudgment interest but I disagree with the remand for determination of lost profits from the plaintiff’s embryo production business.
The trial judge issued the following order prior to trial:
“The Court will admit proof of the fair market value of the Plaintiff’s Salers Cattle for breeding purposes and such incidental damage as occurred. The Court will not admit proof of loss of use, lost profits or loss of production of embryos and calves because to do so would permit double recovery of damages. The Plaintiff will be permitted proof of the special attributes of the Salers Cattle for breeding purposes, which is what makes them worth far more than the average cow. But to then permit stacking of calf crop after calf crop would unjustly double damages and would be based upon speculation. Covey v. Western Tank Line, (Wash) [36 Wash.2d 381,] 218 P.2d 322; State v. Morison, (Colo) [148 Colo. 79,] 365 P.2d 266. There are apparently no Montana cases defining the measure of damage for the outright killing of breeding stock.”
In compliance with that order, the plaintiff was allowed to present expert testimony as to the embryo production and implantation process, although plaintiff was prevented from introducing testimony as *88 to monetary lost profits. The jury, in returning a market value of $101,500 for the two Salers cows, must have considered their special attributes for breeding purposes. The judgment in the amount of $71,050, computed on the basis of plaintiff’s 30 percent negligence, has been satisfied and is not the subject of this appeal. To now remand this case to a different jury on the issue of lost profits from the date of accident to the date of availability of replacement cows seems to be a subversion of the jury process. It appears to me that, if this Court is determined to adopt the factory theory of embryo production, this matter should be remanded for trial on all issues, so that there can be no duplication of damages by two separate juries.
An additional ground for my disagreement is that the appellant has, in effect, conceded that comparable cows were available immediately, but is contending that because of financial circumstances he could not replace them until after the judgment in this case was satisfied.
The following is a quote from appellant’s brief, pages 16 and 17:
“McPherson is a businessman. He purchased assets and placed them in production, expecting revenues from embryo sales to repay him the purchase price and yield a profit. When the Schlemmers caused the loss of his assets, they incurred liability for the fair market value of those assets. If they had paid McPherson immediately, he could have replaced them without interrupting production, and been fully compensated for all the detriment he suffered. However, the Schlemmers did not pay McPherson until required to do so by the jury’s verdict. That delay prevented McPherson from producing embryos, and thereby caused him to lose profits he should have received from his investment in the cows.” (Emphasis added.)
Instead of adopting the New York trial court opinion of Snyder, supra, as authority, I would affirm the District Court’s reliance on Covey, supra.
In my opinion the District Court did not manifestly abuse its discretion and I would affirm the order denying a new trial on the issue of lost profits and the order denying prejudgment interest.